IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMARILYS ARBOLEDA, § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-0039-N (BF) |
| v. § | |
| § | |
| AURORA LOAN SERVICES, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant Aurora Loan Services' Motion to Dismiss (doc. 7), filed April 22, 2011. The time to file a response has expired, and Plaintiff has failed to respond.

Plaintiff Amarilys Arboleda filed an action in Kaufman County District Court, seeking to extinguish the deed of trust and note that Defendant services because Defendant is not the owner or holder in due course of the original note. Defendant remove the action to federal court on January 6, 2011. Defendant argues the case should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**Analysis**

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Because Plaintiffs in this case are proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

Plaintiff alleges that Defendant is not the owner or holder of the original note and therefore cannot lawfully foreclose. Plaintiff's allegation has no merit. Under Texas law, a mortgagee has the right to enforce a deed of trust either directly or through a "mortgage servicer" *See* TEX. PROP. CODE § 51.0025. The Texas Property Code defines "mortgagee" as: (1) the grantee, beneficiary, owner, or holder of a security instrument; (2) a book entry system; or (3) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record. TEX. PROP. CODE § 51.0001(4). A "mortgage servicer" is "the last person to whom a mortgagor has been

2

instructed by the current mortgagee to send payments for the debt secured by a security instrument." TEX. PROP. CODE § 51.0001(3). Therefore, Defendant does not have to be the owner or holder of the note in question in order to institute foreclosure proceedings. Plaintiff does not allege that Defendant does not qualify as a mortgage servicer, grantee, beneficiary, book entry system, or the last person to whom the security interest has been assigned of record, and Plaintiff fails to provide any facts to support such allegations.

The Court finds that Plaintiff's Complaint contains no facts or allegations that would entitle it to relief against Defendant and that Defendant is entitled to dismissal without prejudice pursuant to 12(b)(6).

## RECOMMENDATION

The Court recommends that the District Court grant Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted and dismiss without prejudice Plaintiff's claims against Defendant.

Signed, May 18, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).